UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKEY L. BRYANT, JR.,

                    Plaintiff,                    CA: No. _____

     vs.

                                                      **COMPLAINT AND**
**JURY DEMAND**

MICHAEL L. CIMINELLI,
JOHN DOES 1-20; and
CITY OF ROCHESTER,

                            Defendants.

_____

      Plaintiff RICKEY L. BRYANT, JR. (hereinafter "Plaintiff"), by and through his

attorneys, Burkwit Law Firm, PLLC, as and for his complaint against Defendants

MICHAEL L. CIMINELLI, JOHN DOES 1-20 and CITY OF ROCHESTER (hereinafter

"Defendants"), alleges as follows:

## INTRODUCTION

      1.  This is an action for declaratory judgment and monetary damages for

violations of Plaintiff's constitutional rights brought pursuant to 42 U.S.C. 1983, 1988

and related New York State law claims. Plaintiff alleges that the Defendants, while

acting in their official capacities and under color of State law illegally searched and

seized and used excessive force against Plaintiff's person in violation of the Fourth and

Fourteenth Amendments to the United States Constitution and/or failed to intervene to

prevent violation of Plaintiff's constitutional rights. Plaintiff also brings claims against

Defendants under New York State Law for battery, assault, and negligence, including

negligent training, supervision and retention. Plaintiff further alleges that Defendants

City of Rochester and Michael L. Ciminelli have demonstrated a custom and policy of

deliberate indifference to the constitutional rights of its citizens.


## JURISDICTION


2.  This action arises in part under 42 U.S.C. Section 1983 and accordingly, this

Court has original subject matter jurisdiction under 28 U.S.C. Section 1331. For all

remaining claims which do not present a federal question under 28 U.S.C. Section

1331, this Court has supplemental jurisdiction under 28 U.S.C. Section 1367.

3.  The causes of action alleged herein arise from the factual allegations

which occurred in this judicial district. All parties are domiciled within the Western

District of New York and therefore, this Court has personal jurisdiction over the

Defendants.

## VENUE


4.  Venue is proper in the United States District Court for the Western

District of New York pursuant to 28 U.S.C. Section 1391 because the events or

omissions giving rise to the claim occurred within this District and at all times relevant

herein, all parties resided within this District.


## PARTIES


5.  At all times relevant herein, Plaintiff was and still is a resident of the City of

Rochester, County of Monroe and State of New York.

6.  Defendant Michael L. Ciminelli (hereinafter "Defendant Ciminelli") is and

at all times relevant herein was a citizen of New York State residing in Monroe County

and was employed as a police officer with the City of Rochester Police Department.

7.  At all times relevant to this Complaint, Defendant Ciminelli was acting under color of law and is sued in his official capacity as a police officer for the Defendant City of Rochester.

8.  At all times relevant to this Complaint, as Chief of Police for the City of Rochester Police Department, Defendant Ciminelli was responsible for the supervision, training and retention of Defendants JOHN DOES 1-20 and for making and implementing policies, customs and practices used by law enforcement officers employed by Defendant City of Rochester regarding arrests and the use of force in performance of the acts herein alleged.

9.  Defendants JOHN DOES 1-20 (hereinafter "The Doe Defendants"), individuals whose names are currently unknown to Plaintiff, are citizens of New York State who were employed as police officers by Defendant City of Rochester and served as police officers with the City of Rochester Police Department.

10. At all times relevant to this Complaint, The Doe Defendants were acting under color of law and are sued in their individual capacities and official capacities as police officers for the Defendant City of Rochester.

11. At all times material to the allegations in this Complaint, Defendant Ciminelli and The Doe Defendants were acting under color of State law as police officers employed by Defendant City of Rochester.

12. Defendant City of Rochester is and at all times relevant herein, was and still is a municipal corporation duly organized and existing under the laws of the State of New York with its principal place of business in the County of Monroe, State of New York.

13. Defendant City of Rochester is a political subdivision of the State of New York for which at all times relevant to this Complaint, Defendant Ciminelli and The Doe Defendants were employed by and served as police officers.

3

14. Defendant City of Rochester is responsible for the hiring, training, supervision and retention of Defendant Ciminelli and The Doe Defendants.

15. At all times relevant herein, Defendant City of Rochester has established and/or delegated to Defendant Ciminelli the responsibility for establishing and implementing policies, practices, procedures and customs used by law enforcement officers employed by the City of Rochester regarding arrests and the use of force on persons.

16. At all times herein relevant, Defendant City of Rochester was responsible for the policies, practices and supervision of its police officers, the enforcement of the rules of the Rochester Police Department and ensuring that its officers act in accordance with the law.

17. On or about August 16, 2016, Defendant City of Rochester was served with a Verified Notice of Claim detailing its culpability and Plaintiff's damages.

18. On or about October 25, 2016, Defendant City of Rochester was served with a Verified Amended Notice of Claim detailing its culpability and Plaintiff's damages.

19. Defendant City of Rochester has failed and refused to make payment to Plaintiff in accordance with said Verified Notice of Claim and Verified Amended Notice of Claim.

20. At least thirty (30) days have elapsed since the service of the Verified Notice of Claim upon Defendant City of Rochester and adjustment of payment thereof has been neglected or refused by Defendant City of Rochester.

## FACTS

21. On the evening of August 7, 2016 and/or August 8, 2016, between

approximately 10:00 p.m. and 1:00 a.m., Plaintiff was riding his bicycle northbound on Remington Street in the vicinity of 100 Remington Street in the City of Rochester, New York.

22. When Plaintiff was riding his bicycle northbound on Remington Street in the vicinity of 100 Remington Street in Rochester, New York, a Rochester Police Department SUV and approximately three (3) Rochester Police Department vehicles which were heading southbound on Remington Street suddenly pulled over in front of Plaintiff forcing him onto the sidewalk.

23. When Plaintiff stopped his bicycle on the sidewalk in front of a home at 100 Remington Street in Rochester, New York, an unknown Rochester Police officer got out of the SUV, rapidly approached Claimant and punched him in his left eye and face causing Claimant to fall of his bicycle and onto the ground.

24. When Plaintiff stopped his bicycle on the sidewalk, he was shot at multiple times with "pepper balls" by unknown Rochester Police officers.

25. After Plaintiff was punched in the left eye and face, knocked down to the ground, pepper balled, maced and tased, approximately five (5), six (6) or more Rochester Police officers joined in kicking and punching Plaintiff while other officers stood there watching and failing to intervene to protect Plaintiff.

26. Upon information and belief, there were approximately twenty (20) unknown Rochester Police Officers (The Doe Defendants) present who took an active role in using force against Plaintiff and/or who failed to intervene to protect Plaintiff when the aforedescribed incident occurred.

27. The unknown Rochester Police officers (The Doe Defendants) pepperballed,

kicked and/or punched Plaintiff in the face and over multiple areas of his body, maced and/or pepper sprayed him in his face and eyes and/or tased him on the right side of his body under the arm pit/rib cage area.

28. After Plaintiff was assaulted by The Doe Defendants, Plaintiff was picked up off the ground, hand cuffed tightly and put in the back of a Rochester Police Department vehicle.

29. Plaintiff was seventeen (17) years of age at the time of the aforedescribed incident and was never read his Miranda rights when he was apprehended by The Doe Defendants and placed under arrest.

30. After Plaintiff was handcuffed and placed in the police vehicle, The Doe Defendants refused to allow Plaintiff to call his mother after he made this request.

31. Following the aforedescribed incident, Plaintiff was then transported in a Rochester police vehicle to the City of Rochester police station parking lot at Upper Falls Boulevard and Clinton Avenue in Rochester, New York.

32. When Plaintiff arrived at the police station parking lot, Plaintiff was brought over to an ambulance where his eyes were rinsed by ambulance personnel.

33. When Plaintiff was brought over to an ambulance at the police station parking lot, Plaintiff requested that he be brought to the hospital for medical treatment but was refused by Rochester Police officers.

34. After Plaintiff's eyes were rinsed by ambulance personnel, a Rochester Police officer gave Plaintiff his bicycle back and was told that he was free to leave.

35. Following the aforedescribed incident and assault on his person, Plaintiff was never charged with a violation or crime.

36. Plaintiff took no actions to justify his arrest, search and seizure and use of force upon his person.

37. As a result of the aforedescribed incident and the use of unreasonable and excessive force upon Plaintiff by Defendants, Plaintiff suffered an orbital fracture to and injury to his left eye, blurred vision in the left eye, right chest wall contusion, head injury, headaches, concussion, right sided rib pain, right upper leg pain, multiple contusions and bruising, post-traumatic stress disorder, together with other physical and psychological injuries. The full nature and extent of Plaintiff's injuries is unknown as Plaintiff continues treating for his injuries.

38. Upon information and belief, the Doe Defendants were never reprimanded, suspended or terminated from their employment by Defendant Ciminelli or Defendant City of Rochester following the aforedescribed incident and upon information and belief, said officers remain on full time active duty patrol as City of Rochester Police officers.

39. Upon information and belief, the Doe Defendants had inadequate training and supervision regarding arrests, searches and seizures and reasonable use of force on citizens which led to the constitutional and New York State law violations in this case.

40. Based on the foregoing, Defendants City of Rochester and Ciminelli failed to adequately train and supervise The Doe Defendants.

41. Defendants City of Rochester and Ciminelli's failure to properly train, supervise, reprimand, suspend and/or terminate their subordinates, including but not limited to The Doe Defendants, amounts to a deliberate indifference to the rights of those with whom City of Rochester employees and officers will come into contact, including Plaintiff.

42. Defendants Ciminelli and City of Rochester were aware or should have been aware that their officers, including The Doe Defendants, require special training, procedures, policies and customs to be used so as to not infringe upon the legal and constitutional rights of City of Rochester citizens, including Plaintiff. The failure to

promulgate and implement such procedures, policies or customs led to the violation of Plaintiff's legal and constitutional rights and the use of excessive and unreasonable force against his person.

43. The foregoing actions taken or decisions made by City of Rochester government officials responsible for establishing municipal policies caused the alleged violations of Plaintiff's civil rights.

44. The policies and practices of the City of Rochester in authorizing its police officers to use excessive force is so persistent and widespread that it constitutes a custom or usage and implies the actual or constructive knowledge of City of Rochester policy-making officials.

45. As a direct and proximate result of the intentional and/or negligent acts of the Defendants, Plaintiff has suffered and continues to suffer serious physical and mental injuries, pain and suffering and other damages in an amount that will be established at trial.

46. Plaintiff is entitled to compensation for the constitutional harms and State law violations that Defendants inflicted upon him.

## CAUSES OF ACTION
### COUNT I

**VIOLATION OF 42 U.S.C. SECTION 1983 BY THE DOE DEFENDANTS AND CITY OF ROCHESTER FOR ILLEGAL SEARCH AND SEIZURE OF PLAINTIFF**

47. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 46 above and incorporates them by reference as if set forth in their entirety herein.

48. Defendants illegally searched and seized Plaintiff's person without probable cause or reasonable suspicion that a crime has been or was being committed in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

49. By the actions described in paragraphs 1 through 48 above, Defendants, without a warrant or without probable cause and while acting under color of law, arrested Plaintiff and deprived him of certain constitutionally protected rights to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law and the right to be free from false arrest, all in violation of 42 U.S.C. Section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

50. The Doe Defendants were acting under color of state law when they, without probable cause or reasonable suspicion that a crime has been or was being committed, exercised their authority as police officers by falsely arresting, searching and seizing Plaintiff who was at all times cooperative and acting in a lawful manner.

51. Defendant City of Rochester caused Plaintiff to be subjected to the Fourth Amendment violation of illegal search and seizure and false arrest because the Defendant officers' actions were part of the customary practices of the City of Rochester Police Department.

52. Based upon the foregoing allegations, Defendant City of Rochester and its Police Department have shown a deliberate indifference to an obvious need for training of its officers, including The Doe Defendants and  Defendant Ciminelli, and the failure to adequately train, supervise and/or reprimand them resulted in the Defendant officers' actions that caused Plaintiff's harm.

53. As a direct and proximate cause of the illegal search and seizure of Plaintiff by The Doe Defendants and Defendant City of Rochester, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

54. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

55. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

56. The Doe Defendants' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

## VIOLATION OF 42 U.S.C. SECTION 1983 BY THE DOE DEFENDANTS AND CITY OF ROCHESTER FOR USE OF EXCESSIVE FORCE AGAINST PLAINTIFF

57. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 56 above and incorporates them by reference as if set forth in their entirety herein.

58. Based upon the aforedescribed conduct, Defendants illegally used excessive force under the circumstances against Plaintiff in violation of his Fourth Amendment right to be secure in his person from unreasonable seizures.

59. The Doe Defendants' conduct under the circumstances was an excessive use of force on Plaintiff which a reasonable officer in their position would not have used under the circumstances.

60. Defendant City of Rochester caused Plaintiff to be subjected to the Fourth Amendment violation of excessive force because the Defendant officers' actions were part of the customary practices of the City of Rochester Police Department.

61. Based upon the foregoing allegations, Defendant City of Rochester and its Police Department have shown a deliberate indifference to an obvious need for training of its officers, including The Doe Defendants and the failure to adequately train,

supervise and/or reprimand them resulted in the Defendant officers' actions that caused Plaintiff's injuries and damages.

62. As a direct and proximate cause of the excessive use of force by The Doe Defendants and Defendant City of Rochester, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

63. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

64. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

65. The Doe Defendants' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT III

**VIOLATION OF 42 U.S.C. SECTION 1983 BY THE DOE DEFENDANTS AND DEFENDANT CITY OF ROCHESTER FOR FAILURE TO INTERVENE TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS (*Anderson v. Branen*, 17 F3d 552 (2nd Cir. 1994))**

66. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 65 above and incorporates them by reference as if set forth in their entirety herein.

67. During the aforedescribed incident, when certain of The Doe Defendants

illegally searched and seized Plaintiff and/or used illegal and excessive force against him, there was an affirmative duty on the part of the other Doe Defendants who were present to intervene to protect the constitutional rights of Plaintiff from infringement by the other Doe Defendant law enforcement officers.

68. The Doe Defendants who failed to intervene to protect Plaintiff's constitutional rights violated 42 USC Section 1983 since an infringement of Plaintiff's constitutional rights occurred within their presence and they failed to intervene and protect Plaintiff's constitutional rights.

69. The Doe Defendants who failed to intervene to prevent injury to Plaintiff observed and/or had reason to know that excessive force was being used on Plaintiff, that Plaintiff had been unjustifiably arrested or that a constitutional violation had been committed by law enforcement officials.

70. There was a realistic opportunity for the other Doe Defendants to intervene to prevent the harm to Plaintiff from occurring.

71. Defendant City of Rochester caused Plaintiff to be subjected to the Fourth Amendment violation of illegal search and seizure and excessive force because the Defendant officers' actions and inaction were part of the customary practices of the City of Rochester Police Department.

72. As a direct and proximate cause of the illegal search and seizure of Plaintiff, the use excessive use of force against Plaintiff and the failure of The Doe Defendants to intervene to protect the constitutional rights of Plaintiff from infringement by the other Doe Defendant law enforcement officers, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

73. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

74. Based upon the foregoing allegations, Defendant City of Rochester and its Police Department have shown a deliberate indifference to an obvious need for training of its officers, including The Doe Defendants and the failure to adequately train, supervise and/or reprimand them resulted in the Defendant officers' actions that caused Plaintiff's injuries and damages.

75. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

76. The Doe Defendants' actions and/or inaction was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT IV

### VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANT CITY OF ROCHESTER (FAILURE TO IMPLEMENT POLICIES, CUSTOMS AND PRACTICES)

77. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 above and incorporates them by reference as if set forth in their entirety herein.

78. By the actions described in paragraphs 1 through 77 above, Defendant City of Rochester has demonstrated a policy, ordinance, custom, regulation and/or decision of deliberate indifference to the rights of its citizens by:

   a. failing to adequately train its police officers regarding the proper methods for stops, arrest procedures, use of force and/or intervening to prevent constitutional rights violations from occurring by other police officers;

b. failing to adequately investigate excessive force complaints of citizens whose constitutional rights are violated;

c. failing to independently investigate and all excessive force complaints of citizens which are brought to its attention;

d. failing to refer all excessive force complaints of citizens to the Civilian Review Board for review;

e. allowing the investigation and internal review of excessive force/police misconduct cases to be controlled and/or influenced by the Rochester Police Department and not by the Center For Dispute Settlement, an independent Civilian Review Board or other agency;

f. failing to administer the internal review process of excessive force and/or police misconduct cases through an independent Civilian Review Board through Center For Dispute Settlement and in compliance with Rochester City Council Resolution 92-40, enacted October 13, 1992, and modified in 1995 by Resolution 95-8 of the Rochester City Council;

g. promoting and tolerating a custom and policy in which officers violate the constitutional rights of citizens through unlawful stops, searches, seizures, excessive force and/or failing to intervene to prevent such violations;

h. failing to suspend, terminate or take disciplinary action against officers who violate rights of citizens through unlawful stops, searches and seizures, excessive force and/or failing to intervene to prevent such violations; and

i. failing to adequately train and supervise officers who are prone to commit unlawful stops, searches and seizures, use of excessive force and/or failure to intervene to prevent such constitutional rights violations.

79. The actions of Defendant City of Rochester were taken under color of law, constitute an official policy or custom of the City of Rochester, deprived Plaintiff of a constitutional or statutory right and caused injuries and damages to his person in an amount to be determined at the trial of this action.

80. The deficiencies described in paragraph 78 above are practices so consistent and widespread and constitute customs or usages of which City of Rochester supervising policy-makers were aware of and which cause deprivation of constitutional rights of citizens, including Plaintiff.

81. The failure of policymakers of Defendant City of Rochester to provide adequate training and/or supervision to its police chief and police officers amounts to deliberate indifference to the rights of those who come into contact with its police officers. This is demonstrated by repeated complaints of civil rights violations against Defendant City of Rochester, no meaningful attempt to investigate or to forestall further incidents and the City of Rochester's policy makers' acquiencence in such long-standing practice/s.

82. As a direct and proximate cause of Defendant City of Rochester's policy, ordinance, custom, regulation and/or decision or usage of deliberate indifference, Plaintiff suffered violations of his rights as secured under the Fourth Amendment to the United States Constitution to be free from unlawful arrest, search and seizure and the use of excessive force.

83. As a direct and proximate cause of Defendant City of Rochester's policy, ordinance, custom, regulation and/or decision or usage of deliberate indifference, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

84. As a direct and proximate result of Defendant City of Rochester's violations of Plaintiff' constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

85. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

## COUNT V

### VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANTS CITY OF ROCHESTER AND MICHAEL L. CIMINELLI (Supervisory Liability/Monell v. Dept. of Social Services, 436 U.S. 658 (1978))

86. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 85 above and incorporates them by reference as if set forth in their entirety herein.

87. At all times relevant herein, Defendants City of Rochester and Ciminelli have supervised The Doe Defendants and are responsible for said officers' retention, training and supervision.

88. Defendants Ciminelli and City of Rochester have condoned a pattern of brutality committed by City of Rochester police officers. Defendants Ciminelli and City of Rochester maintained or permitted one or more of the following official policies, customs or practices:

A. Failure to adequately train and supervise City of Rochester police officers regarding: 1) their duty to intervene to prevent to protect the constitutional rights of citizens from infringement; 2) constitutional limitations on stops; 3) the use of force; 4) arrests; and 5) searches and seizures of persons;

B. Failure to adequately discipline, suspend, terminate and/or retrain officers involved in misconduct;

C. Hiring, assigning/selecting and retention of City of Rochester police officers with demonstrable propensities for use of excessive force, violence, dishonesty and other misconduct;

D. Condoning and encouraging City of Rochester police officers in the belief that they can violate the rights of persons such as Plaintiff with impunity, and that such conduct will not adversely affect their opportunities for continued employment, promotion and other employment benefits;

E. Failure to take adequate measures to discipline City of Rochester police officers who engage in the use of excessive force, unlawful stops, arrests, searches, seizures, violence, dishonesty and other misconduct;

F. Failure to practice and enforce proper reporting and investigation of use of force by City of Rochester police officers;

G. Allowing the investigation and internal review of excessive force/police misconduct cases to be controlled and/or influenced by the Rochester Police Department and not by the Center For Dispute Settlement, an independent Civilian Review Board or other agency;

H. Failing to allow the internal review process of excessive force cases through an independent Civilian Review Board through Center For Dispute Settlement and in compliance with Rochester City Council Resolution 92-40, enacted October 13, 1992, and modified in 1995 by Resolution 95-8 of the Rochester City Council;

I. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint.

89. Defendants City of Rochester and Ciminelli have maintained and permitted the aforedescribed practices, policies and customs, were aware of widespread abuses of power and use of excessive force by City of Rochester police officers and failed to take proper measures to investigate and/or discipline said officers and/or remedy such practices.

90. Upon information and belief, instead of taking proper measures to investigate and/or discipline City of Rochester police officers who have engaged in abuse of power and use of excessive force, Defendants Ciminelli and City of Rochester condoned, encouraged, fostered and/or ratified the unlawful conduct of said officers.

91. Upon information and belief, Defendants Ciminelli and City of Rochester have ratified The Doe Defendants' unconstitutional conduct towards Plaintiff.

92. Based on the foregoing, Defendants City of Rochester and Ciminelli had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens, including Plaintiff, that Defendant Ciminelli's response to that knowledge was so inadequate as to show deliberate indifference to or a tacit authorization of the alleged offensive practices and there is an affirmative causal link between Defendant Ciminelli's inaction and the particular constitutional injury suffered by Plaintiff.

93. Upon information and belief, by and through policy, custom and training, Defendants City of Rochester and Ciminelli had actual or constructive knowledge that their subordinates, including The Doe Defendants, were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff Rickey L. Bryant, Jr. and have condoned this custom, policy and training whereby unconstitutional practices occur.

94. Upon information and belief, some or all of The Doe Defendants had a prior employment history involving alleged misconduct and Defendants City of Rochester and Ciminelli were negligent for their training, supervision and retention of said officers.

95. Upon information and belief, despite Defendants City of Rochester and Ciminelli's knowledge that their subordinates, including The Doe Defendants, engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, their response to said knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices of their subordinates, including the actions of The Doe Defendants.

96. Upon information and belief, there is an affirmative causal link between the aforedescribed culpable action and/or inaction of Defendants City of Rochester and Ciminelli and the particular constitutional injuries suffered by Plaintiff.

97. As a direct and proximate cause of Defendant City of Rochester's and Ciminelli's official policies, customs or practices which condone a pattern of brutality and civil rights violations by Rochester police officers, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

98. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff is entitled to relief under 42 U.S.C. Section 1983 and has suffered general and special damages in an amount to be determined at trial.

99. As a direct and proximate result of the Defendants' conduct, Plaintiff has been

compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

## COUNT VI

### BATTERY BY THE DOE DEFENDANTS AND CITY OF ROCHESTER

100.    The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 99 above and incorporates them by reference as if set forth in their entirety herein.

101.    The aforesdescribed actions of The Doe Defendants constitute an intentional battery upon Plaintiff's person.

102.    The Doe Defendants committed a battery upon Plaintiff's person by violently punching Plaintiff in the left eye and face causing Plaintiff to fall from his bicycle and onto the ground, by shooting and striking Plaintiff multiple times with "pepper balls", by kicking and punching Plaintiff multiple times over multiple areas of his body while he lay defenseless on the ground, by macing and/or pepper spraying Plaintiff in his face and eyes, by tasing him on the right side of his body under the arm pit/rib cage area, by handcuffing Plaintiff tightly and pushing him into the back seat of a Rochester Police Department vehicle.

103.    The battery committed upon Plaintiff was without provocation by Plaintiff and without his consent.

104.    As a direct and proximate result of the battery committed upon his person by Defendants, Plaintiff suffered severe and permanent physical and mental injuries and damages in an amount to be determined at trial.

105.    Defendant City of Rochester is liable under the doctrine of Respondeat

Superior for the acts and omissions of its employees and/or agents, The Doe

Defendants, who were purporting to act or were acting in the course and scope of their

employment as police officers with Defendant City of Rochester when the alleged

battery was committed upon Plaintiff's person.

106.    The Doe Defendants' actions were malicious, oppressive, reckless,

wanton and in wilfull disregard of Plaintiff's rights that Plaintiff claims punitive damages

against The Doe Defendants in an amount to be determined at trial commensurate with

the wrongful acts alleged herein.

## COUNT VII

### ASSAULT BY THE DOE DEFENDANTS AND CITY OF ROCHESTER

107.    The Plaintiff repeats and realleges the allegations set forth in paragraphs

1 through 106 above and incorporates them by reference as if set forth in their entirety

herein.

108.    The aforedescribed actions of The Doe Defendants constitute an

intentional assault upon Plaintiff's person.

109.    The Doe Defendants intentionally placed Plaintiff in fear of imminent,

harmful or offensive contact when The Doe Defendants rapidly approached Plaintiff,

violently punched Plaintiff in the left eye and face causing to Plaintiff to fall from his

bicycle and onto the ground, by shooting and striking Plaintiff multiple times with

"pepper balls", by kicking and punching Plaintiff multiple times over multiple areas of his

body while he lay defenseless on the ground, by macing and/or pepper spraying Plaintiff

in his face and eyes, by tasing him on the right side of his body under the arm pit/rib

cage area, by handcuffing Plaintiff tightly and pushing him into the back of a Rochester Police Department vehicle.

110.   The Doe Defendants made an intentional attempt, displayed by violence or threatening gesture, to do injury to or commit a battery upon Plaintiff's person.

111.   The assault committed upon Plaintiff by The Doe Defendants was without provocation by Plaintiff.

112.   Defendant City of Rochester is liable under the doctrine of Respondeat Superior for the acts and omissions of its employees and/or agents including the Doe Defendants who were purporting to act or were acting in the course and scope of their employment as police officers with Defendant City of Rochester when the alleged assault was committed upon Plaintiff's person.

113.   As a direct and proximate result of the assault committed upon his person, Plaintiff suffered severe and permanent injuries and damages in an amount to be determined at trial.

114.   The Doe Defendants' actions were malicious, reckless, wanton and in wilful disregard of Plaintiff's rights that Plaintiff claims punitive damages against The Doe Defendants in an amount to be determined at trial commensurate with the wrongful acts alleged herein.

## COUNT VIII
## NEGLIGENCE BY ALL DEFENDANTS

115.   The Plaintiff repeats and realleges the allegations set forth in

paragraphs 1 through 114 above and incorporates them by reference as if set forth in their entirety herein.

116.    In the event it is determined that the alleged actions of Defendants were not intentional, in the alternative, Defendants negligently inflicted physical force and injury on Plaintiff's person as alleged above.

117.    Defendants owed a duty of care to Plaintiff to act in a lawful manner and to not use unlawful excessive physical force against Plaintiff which would cause injury and damages.

118.    Defendants breached this duty of care by permitting unlawful excessive physical force to be applied under the circumstances to Plaintiff's person and/or failed to intervene to prevent such harm causing Plaintiff physical and mental injuries and damages in an amount to be determined at trial.

119.    Upon information and belief, Defendant City of Rochester was negligent by failing to properly investigate The Doe Defendants before hiring them.

120.    Upon information and belief, Defendants City of Rochester and/or Ciminelli were negligent with the training, supervision and retention of The Doe Defendants and/or Ciminelli resulting in the tortious and unlawful conduct used against Plaintiff as set forth in this Complaint.

121.    Defendants City of Rochester and Ciminelli owed a duty of care to Plaintiff to properly investigate The Doe Defendants at the time of their hiring and upon information and belief, failed to do so.

122.    Defendants City of Rochester and Ciminelli owed a duty of care to Plaintiff to properly instruct, train and supervise their officers including The Doe Defendants and upon information and belief, failed to do so.

123.    Defendants City of Rochester and Ciminelli breached their duty of care to Plaintiff by failing to properly investigate The Doe Defendants prior to their hiring.

124.    Defendants City of Rochester and Ciminelli breached their duty of care to Plaintiff by failing to adequately instruct, train and supervise The Doe Defendants.

125.    Upon information and belief, Defendants City of Rochester and Ciminelli breached their duty of care to Plaintiff by retaining some or all of The Doe Defendants after learning of their propensity to act in an unlawful and unauthorized manner by unlawfully stopping, arresting, searching, seizing, failing to intervene to protect and/or applying excessive physical force during encounters with citizens.

126.    As a direct and proximate result of Defendants' negligence as alleged herein, Plaintiff suffered severe and permanent physical and mental injuries and damages in an amount to be determined at trial.

127.    Defendants alleged actions were malicious, reckless, wanton and in willful disregard of Plaintiff's rights that Plaintiff claims punitive damages be imposed against The Doe Defendants in an amount to be determined at trial commensurate with the wrongful acts alleged herein.

**WHEREFORE,** Plaintiff Rickey L. Bryant, Jr. prays for judgment against Defendants as follows:

1.  Compensatory damages in the form of general and special damages against all Defendants, jointly and severally, in an amount that has yet to be ascertained and according to the proof to be determined at trial;

2.  Punitive damages against all individual Defendants in an amount to be determined at trial;

3.  Declaratory judgment declaring that Plaintiff Rickey L. Bryant's constitutional rights to be free from unlawful arrest, search, seizure and excessive force under the Fourth and Fourteenth Amendments were violated by Defendants;

4.  Declaratory judgment declaring that The Doe Defendants and Defendant City of Rochester violated Plaintiff Rickey L. constitutional rights by failing to intervene to protect Plaintiff's constitutional rights;

5.  Reasonable costs of this suit incurred herein;

6.   An award of reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; and

7.  Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Dated: November 28, 2016

Respectfully submitted,

**BURKWIT LAW FIRM, PLLC**

Charles F. Burkwit, Esq.
Attorneys for Plaintiff Rickey L. Bryant, Jr.
16 East Main Street, Suite 450
Rochester, New York 14614
(585) 546-1588
burkwitesq@aol.com