UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICKEY L. BRYANT, JR.,

                Plaintiff,

    vs.

KENNETH J. CONIGLIO, JR.,
RYAN T. HARTLEY, THOMAS R. RODRIGUEZ,
JOSE D. RODRIGUEZ, DYLAN D. MINNICK,
CHRISTOPHER KALTENBACH,
RICHARD CASTRICHINI, JR.,
JAMES C. THUERCK, ROBERT M. DINICOLA,
JOSHUA P. KELLY, LEILANI Y. COLON,
KYLE A. EISENHAUER, MATTHEW D. LUCERO,
NICHOLAS THOMAS, MICHAEL J. MURPHY,
GEOFFREY P. WICHER, EVAN D. LANG,
JOHN DOES 1-10; and
CITY OF ROCHESTER,

                Defendants.

_____

CA: No. 6:16-CV-06766-EAW

**AMENDED COMPLAINT
AND JURY DEMAND**

        Plaintiff RICKEY L. BRYANT, JR. (hereinafter "Plaintiff"), by and through his

attorneys, Burkwit Law Firm, PLLC, as and for his Amended Complaint against

Defendants KENNETH J. CONIGLIO, JR., RYAN T. HARTLEY, THOMAS R.

RODRIGUEZ, JOSE D. RODRIGUEZ, DYLAN D. MINNICK, CHRISTOPHER

KALTENBACH, RICHARD CASTRICHINI, JR., JAMES C. THUERCK, ROBERT M.

DINICOLA, JOSHUA P. KELLY, LEILANI Y. COLON, KYLE A. EISENHAUER,

MATTHEW D. LUCERO, NICHOLAS THOMAS, MICHAEL J. MURPHY, GEOFFREY P.

1

WICHER, EVAN D. LANG, JOHN DOES 1-10 and CITY OF ROCHESTER (hereinafter "Defendants"), alleges as follows:

## INTRODUCTION

1.  This is an action for declaratory judgment and monetary damages for violations of Plaintiff's constitutional rights brought pursuant to 42 U.S.C. 1983, 1988 and related New York State law claims. Plaintiff alleges that the Defendants, while acting in their official capacities and under color of State law falsely identified Plaintiff as a suspect, illegally searched and seized and used excessive force against Plaintiff's person in violation of the Fourth and Fourteenth Amendments to the United States Constitution and/or failed to intervene to prevent violation of Plaintiff's constitutional rights.

## JURISDICTION

2.  This action arises in part under 42 U.S.C. Section 1983 and accordingly, this Court has original subject matter jurisdiction under 28 U.S.C. Section 1331. For all remaining claims which do not present a federal question under 28 U.S.C. Section 1331, this Court has supplemental jurisdiction under 28 U.S.C. Section 1367.

3.  The causes of action alleged herein arise from the factual allegations which occurred in this judicial district. All parties are domiciled within the Western District of New York and therefore, this Court has personal jurisdiction over the Defendants.

## VENUE

4.  Venue is proper in the United States District Court for the Western

District of New York pursuant to 28 U.S.C. Section 1391 because the events or omissions giving rise to the claim occurred within this District and at all times relevant herein, all parties resided within this District.

## PARTIES

5.  At all times relevant herein, Plaintiff was and still is a resident of the City of Rochester, County of Monroe and State of New York.

6.  Defendant Kenneth J. Coniglio, Jr. (hereinafter "Defendant Coniglio") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

7.  At all times relevant to this Complaint, Defendant Coniglio was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

8.  Defendant Ryan T. Hartley (hereinafter "Defendant Hartley") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

9.  At all times relevant to this Complaint, Defendant Hartley was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

10. Defendant Thomas R. Rodriguez is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

11. At all times relevant to this Complaint, Defendant Thomas R. Rodriguez was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

12. Defendant Jose D. Rodriguez is and at all times relevant herein was a citizen

3

of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

13. At all times relevant to this Complaint, Defendant Jose D. Rodriguez was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

14. Defendant Dylan D. Minnick (hereinafter "Defendant Minnick") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

15. At all times relevant to this Complaint, Defendant Minnick was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

16. Defendant Christopher Kaltenbach (hereinafter "Defendant Kaltenbach") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

17. At all times relevant to this Complaint, Defendant Kaltenbach was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

18. Defendant Richard Castrichini, Jr. (hereinafter "Defendant Castrichini") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

19. At all times relevant to this Complaint, Defendant Castrichini was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

20. Defendant James C. Thuerck (hereinafter "Defendant Thuerck") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

4

21. At all times relevant to this Complaint, Defendant Thuerck was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

22. Defendant Robert M. DiNicola (hereinafter "Defendant DiNicola") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

23. At all times relevant to this Complaint, Defendant DiNicola was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

24. Defendant Joshua P. Kelly (hereinafter "Defendant Kelly") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

25. At all times relevant to this Complaint, Defendant Kelly was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

26. Defendant Leilani Y. Colon (hereinafter "Defendant Colon") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

27. At all times relevant to this Complaint, Defendant Colon was acting under color of law and is sued in her individual and official capacities as a police officer for the Defendant City of Rochester.

28. Defendant Kyle A. Eisenhauer (hereinafter "Defendant Eisenhauer") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

29. At all times relevant to this Complaint, Defendant Eisenhauer was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

30. Defendant Matthew D. Lucero (hereinafter "Defendant Lucero") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

31. At all times relevant to this Complaint, Defendant Lucero was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

32. Defendant Nicholas Thomas (hereinafter "Defendant Thomas") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

33. At all times relevant to this Complaint, Defendant Thomas was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

34. Defendant Michael J. Murphy (hereinafter "Defendant Murphy") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

35. At all times relevant to this Complaint, Defendant Murphy was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

36. Defendant Geoffrey P. Wicher (hereinafter "Defendant Wicher") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

37. At all times relevant to this Complaint, Defendant Wicher was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

38. Defendant Evan D. Lang (hereinafter "Defendant Lang") is and at all times relevant herein was a citizen of New York State residing in Monroe County and was employed as a police officer with the City of Rochester Police Department.

39. At all times relevant to this Complaint, Defendant Lang was acting under color of law and is sued in his individual and official capacities as a police officer for the Defendant City of Rochester.

40. Defendants JOHN DOES 1-10 (hereinafter "The Doe Defendants"), individuals whose names are currently unknown to Plaintiff, are citizens of New York State who were employed by and served as police officers for Defendant City of Rochester.

41. The Doe Defendants are unknown police officers who were involved in the arrest and/or use of force on Plaintiff and/or failed to intervene to protect Plaintiff's constitutional rights.

42. At all times relevant to this Complaint, The Doe Defendants were acting under color of law and are sued in their individual capacities and official capacities as police officers for the Defendant City of Rochester.

43. At all times material to the allegations in this Complaint, Defendants were acting under color of State law as police officers for Defendant City of Rochester.

44. Defendant City of Rochester is and at all times relevant herein, was and still is a municipal corporation duly organized and existing under the laws of the State of New York with its principal place of business in the County of Monroe, State of New York.

45. Defendant City of Rochester is a political subdivision of the State of New York for which at all times relevant to this Complaint, Defendants were employed by and served as police officers.

46. On or about August 16, 2016, Defendant City of Rochester was served with a Verified Notice of Claim detailing its culpability and Plaintiff's damages.

47. On or about October 25, 2016, Defendant City of Rochester was served with a Verified Amended Notice of Claim detailing its culpability and Plaintiff's damages.

48. Defendant City of Rochester has failed and refused to make payment to Plaintiff in accordance with said Verified Notice of Claim and Verified Amended Notice

of Claim.

49. At least thirty (30) days have elapsed since the service of the Verified Notice of Claim upon Defendant City of Rochester and adjustment of payment thereof has been neglected or refused by Defendant City of Rochester.

## FACTS

50. Sometime between August 7, 2016 at approximately 10:00 p.m. and August 8, 2016 at approximately 1:00 a.m., Plaintiff was riding his bicycle on Remington Street in the vicinity of 100 Remington Street in the City of Rochester, New York.

51. On August 7 and 8, 2016, Plaintiff was a seventeen (17) year old African American male.

52. When Plaintiff was riding his bicycle on Remington Street in the vicinity of 100 Remington Street in Rochester, New York, Plaintiff was wearing jean shorts and a blue Yankees t-shirt with the number 42 on the back.

53. Upon information and belief, on or about August 8, 2016 at approximately 12:00 a.m., Pedro Luis DeJesus was staying at 32 Langham Street, next door to 100 Remington Street, in the City of Rochester, New York.

54. Upon information and belief, Pedro Luis DeJesus called 911 sometime between August 7, 2016 at 11:30 p.m. and August 8, 2016 at 12:15 a.m. and reported that he saw a group of Puerto Rican kids arguing on Remington Street and Carl Street and one of them, who was wearing a black shirt and blue pants, had a gun.

55. On August 8, 2016 at approximately 12:14 a.m., Plaintiff was riding his bicycle northbound on Remington Street in the vicinity of 100 Remington Street in Rochester, New York when a Rochester Police Department SUV and approximately

three (3) Rochester Police Department vehicles which were heading southbound on Remington Street suddenly pulled over in front of Plaintiff forcing him onto the sidewalk where Plaintiff immediately stopped.

56. When Plaintiff stopped his bicycle on the sidewalk in front of the home at 100 Remington Street in Rochester, New York, Plaintiff remained still due to fright and he had no idea why he was being stopped by the police.

57. When Plaintiff stopped his bicycle on the sidewalk in front of the home at 100 Remington Street in Rochester, New York, Plaintiff's hands were at all times visible, he did not attempt to flee and he did not pose a threat to the police officers who exited their vehicles.

58. When Plaintiff stopped his bicycle on the sidewalk in front of a home at 100 Remington Street in Rochester, New York, a Defendant Rochester Police officer got out of the SUV, rapidly approached Claimant and punched him in his left eye and face causing Plaintiff to fall of his bicycle and onto the ground.

59. When Plaintiff stopped his bicycle on the sidewalk, he was shot at multiple times with "pepper balls" by Defendant Rochester Police officers.

60. After Plaintiff was punched in the left eye and face, knocked down to the ground, pepper balled, maced and tased, approximately five (5), six (6) or more Defendant Rochester Police officers joined in kicking and punching Plaintiff while other Defendant officers stood there watching and failing to intervene to protect Plaintiff.

61. Upon information and belief, Defendants were present and/or took an active role in using force against Plaintiff and/or failed to intervene to protect Plaintiff when the aforedescribed incident occurred.

62. The Defendants kicked, struck and/or punched Plaintiff in the face and over multiple areas of his body.

63. The Defendants maced and/or pepper sprayed Plaintiff in his face and eyes and/or tased him on the right side of his body under the arm pit/rib cage area.

64. After Plaintiff was assaulted by Defendants, Plaintiff was thoroughly searched and picked up off the ground by Defendants, hand cuffed tightly and placed in the back of a Rochester Police Department vehicle.

65. Plaintiff was never read his Miranda rights when he was apprehended by Defendants and placed under arrest.

66. After Plaintiff was handcuffed and placed in the police vehicle, the Defendants refused to allow Plaintiff to call his mother after he made this request.

67. Following the aforedescribed incident, Plaintiff was then transported in a Rochester police vehicle by Defendants to the City of Rochester police station parking lot at Upper Falls Boulevard and Clinton Avenue in Rochester, New York.

68. When Plaintiff arrived at the police station parking lot, Plaintiff was brought over to an ambulance where his eyes were rinsed outside the ambulance by ambulance personnel.

69. When Plaintiff was brought over to an ambulance at the police station parking lot, Plaintiff requested that he be brought to the hospital for medical treatment but was refused by Defendants.

70. After Plaintiff's eyes were rinsed by ambulance personnel, a Defendant Rochester Police officer gave Plaintiff his bicycle back and was told that he was free to leave.

71. Defendant Coniglio acknowledged to the Rochester Police Department that he was in uniform operating a marked police SUV, 111 car, when he stopped and exited said vehicle, approached and apprehended Plaintiff.

72. Defendant Hartley acknowledged to the Rochester Police Department that he was a pepperball operator who fired 5-6 Pepperball rounds at Plaintiff's left thigh and another 5-6 rounds of Pepperball at Plaintiff's left thigh/buttocks.

73. Defendant Coniglio acknowledged to the Rochester Police Department that when he saw the Plaintiff, he angle parked and exited his vehicle and approached the Plaintiff.

74. Defendant Coniglio acknowledged to the Rochester Police Department that Plaintiff was taken to the ground at 100 Remington Street and he kneeled across the back of Plaintiff's calves.

75. Defendant Coniglio acknowledged to the Rochester Police Department that Plaintiff was thoroughly searched by the Defendant officers, was found not to be in possession of a handgun, was handcuffed and secured in a marked patrol vehicle.

76. Defendant Coniglio acknowledged to the Rochester Police Department that he directed officers to conduct a neighborhood check which did not reveal any witnesses to the use of force on Plaintiff or Plaintiff possessing a gun.

77. Defendant Coniglio acknowledged to the Rochester Police Department that he contacted Lieutenant Graham by phone, advised him of the pertinent facts, that Plaintiff was in custody and that force was used.

78. Defendant Coniglio acknowledged to the Rochester Police Department that

after relaying the pertinent facts to Lieutenant Graham, it was determined that Plaintiff would be released from custody, after receiving medical treatment, at the staging area.

79. Defendant Kaltenbach acknowledged to the Rochester Police Department that he restrained Plaintiff on the ground by kneeling on the back of Plaintiff's legs.

80. Defendant Kaltenbach acknowledged to the Rochester Police Department that he pushed the front end of his baton onto Plaintiff's right calf applying pressure to it.

81. Defendant Minnick acknowledged to the Rochester Police Department that observing no gun in Plaintiff's hands, he ran up to Plaintiff and tackled him to the ground.

82. Defendant Minnick acknowledged to the Rochester Police Department that he applied one knee strike with his right knee to Plaintiff's left mid torso and pulled Plaintiff's left arm out from underneath and put it behind his back.

83. Defendant Minnick acknowledged to the Rochester Police Department that he transitioned to a two point landing and with his right hand, grasped Plaintiff's right wrist and pulled his hands together.

84. Defendant Minnick acknowledged to the Rochester Police Department that another officer applied handcuffs to Plaintiff as Defendant Minnick maintained control of Plaintiff's wrists.

85. Defendant Minnick acknowledged to the Rochester Police Department that he searched Plaintiff while he was on the ground handcuffed and he then assisted Plaintiff to his feet and escorted him to a patrol car where Plaintiff was searched again.

86. Defendant Castrichini acknowledged to the Rochester Police Department that

he approached Plaintiff, reached across Plaintiff's back and grabbed a hold of Plaintiff's right arm in an effort to place it behind Plaintiff's back.

87. Defendant Castrichini acknowledged to the Rochester Police Department that he performed a right knee strike to Plaintiff's left shoulder/arm area and a right knee strike to Plaintiff's facial area.

88. Defendant Castrichini acknowledged to the Rochester Police Department that after he pulled Plaintiff's right arm behind his back, handcuffs were applied by Officer Rodriguez and Plaintiff was searched and placed in the back of his patrol car.

89. Following the aforedescribed incident and assault on his person, Plaintiff was never charged with a violation or crime.

90. Plaintiff took no actions to justify his arrest, search and seizure and use of force upon his person.

91. As a result of the aforedescribed incident and the use of unlawful, unreasonable and excessive force upon Plaintiff by Defendants, Plaintiff suffered an orbital fracture to and injury to his left eye, blurred vision in the left eye, right chest wall contusion, head injury, headaches, concussion, right sided rib pain, right upper leg pain, multiple contusions and bruising, post-traumatic stress disorder, together with other physical and psychological injuries. The full nature and extent of Plaintiff's injuries is unknown as Plaintiff continues treating for his injuries.

92. Upon information and belief, Defendants Thomas R. Rodriguez and James C. Thuerck were equipped with body worn cameras when the alleged incident occurred and failed to properly utilize their body worn cameras amounting to misconduct or misjudgment on the part of said officers.

93. Upon information and belief, the Defendants were never reprimanded, suspended or terminated from their employment with Defendant City of Rochester

following the use of force used against Plaintiff and upon information and belief, said officers remain on full time active duty patrol as City of Rochester Police officers.

94. As a direct and proximate result of the alleged actions and/or inaction of the Defendants, Plaintiff has suffered and continues to suffer serious physical and mental injuries, pain and suffering and other damages in an amount that will be established at trial.

95. Plaintiff is entitled to compensation for the constitutional harms and State law violations that Defendants inflicted upon him.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANTS KENNETH J. CONIGLIO, JR., RYAN T. HARTLEY, THOMAS R. RODRIGUEZ, JOSE D. RODRIGUEZ, DYLAN D. MINNICK, CHRISTOPHER KALTENBACH, RICHARD CASTRICHINI, JR., JAMES C. THUERCK, ROBERT M. DINICOLA, JOSHUA P. KELLY, LEILANI Y. COLON, KYLE A. EISENHAUER, MATTHEW D. LUCERO, NICHOLAS THOMAS, MICHAEL J. MURPHY, GEOFFREY P. WICHER, EVAN D. LANG AND JOHN DOES 1-10 FOR ILLEGAL SEARCH AND SEIZURE OF PLAINTIFF**

96. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 95 above and incorporates them by reference as if set forth in their entirety herein.

97. Defendants herein illegally searched and seized Plaintiff's person without probable cause or reasonable suspicion that a crime has been or was being committed in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

98. By the actions described in paragraphs 1 through 97 above, Defendants herein, without a warrant or without probable cause and while acting under color of law, arrested Plaintiff and deprived him of certain constitutionally protected rights to be free from unreasonable searches and seizures, the right not to be deprived of liberty without

due process of law and the right to be free from false arrest, all in violation of 42 U.S.C. Section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

99. Defendants herein were acting under color of state law when they, without probable cause or reasonable suspicion that a crime has been or was being committed, exercised their authority as police officers by falsely arresting, searching and seizing Plaintiff who was at all times cooperative and acting in a lawful manner.

100. As a direct and proximate cause of the illegal search and seizure of Plaintiff by the Defendants herein, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

101. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

102. As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

103. The Defendants' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

**VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANTS KENNETH J. CONIGLIO, JR., RYAN T. HARTLEY, THOMAS R. RODRIGUEZ, JOSE D. RODRIGUEZ, DYLAN D. MINNICK, CHRISTOPHER KALTENBACH, RICHARD CASTRICHINI, JR., JAMES C. THUERCK, ROBERT M. DINICOLA, JOSHUA P. KELLY, LEILANI Y. COLON, KYLE A. EISENHAUER, MATTHEW D. LUCERO, NICHOLAS THOMAS, MICHAEL J. MURPHY, GEOFFREY P. WICHER, EVAN D. LANG AND JOHN DOES 1-10 FOR USE OF EXCESSIVE FORCE AGAINST PLAINTIFF**

104.    The Plaintiff repeats and realleges the allegations in paragraphs 1 through 103 above and incorporates them by reference as if set forth in their entirety herein.

105.    Based upon the aforedescribed conduct, Defendants herein illegally used excessive force under the circumstances against Plaintiff in violation of his Fourth Amendment right to be secure in his person from unreasonable seizures.

106.    The Defendants' conduct under the circumstances was an excessive use of force on Plaintiff which a reasonable officer in their position would not have used under the circumstances.

107.    As a direct and proximate cause of the excessive use of force by the Defendants herein, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

108.    As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

109.    As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

110.     The Defendants' conduct was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT III

**VIOLATION OF 42 U.S.C. SECTION 1983 BY THE DEFENDANTS KENNETH J. CONIGLIO, JR., RYAN T. HARTLEY, THOMAS R. RODRIGUEZ, JOSE D. RODRIGUEZ, DYLAN D. MINNICK, CHRISTOPHER KALTENBACH, RICHARD CASTRICHINI, JR.,  JAMES C. THUERCK, ROBERT M. DINICOLA, JOSHUA P. KELLY, LEILANI Y. COLON, KYLE A. EISENHAUER, MATTHEW D. LUCERO, NICHOLAS THOMAS, MICHAEL J. MURPHY, GEOFFREY P. WICHER, EVAN D. LANG AND JOHN DOES 1-10 FOR FAILURE TO INTERVENE TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS (*Anderson v. Branen*, 17 F3d 552 (2nd Cir. 1994))**

111.     The Plaintiff repeats and realleges the allegations in paragraphs 1 through 110 above and incorporates them by reference as if set forth in their entirety herein.

112.     During the aforedescribed incident, when certain of the Defendants illegally searched and seized Plaintiff and/or used illegal and excessive force against him, there was an affirmative duty on the part of the other Defendants who were present to intervene to protect the constitutional rights of Plaintiff from infringement by the other Defendant law enforcement officers.

113.     The Defendants herein who failed to intervene to protect Plaintiff's constitutional rights violated 42 USC Section 1983 since an infringement of Plaintiff's constitutional rights occurred within their presence and they failed to intervene and protect Plaintiff's constitutional rights.

114.     The Defendants herein who failed to intervene to prevent injury to Plaintiff observed and/or had reason to know that excessive force was being used on Plaintiff, that Plaintiff had been unjustifiably arrested or that a constitutional violation had been

committed by law enforcement officials.

115.   There was a realistic opportunity for the other Defendants to intervene to prevent the harm to Plaintiff from occurring.

116.   As a direct and proximate cause of the illegal search and seizure of Plaintiff, the use excessive use of force against Plaintiff and the failure of the Defendants herein to intervene to protect the constitutional rights of Plaintiff from infringement by the other Defendant law enforcement officers, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

117.   As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages to be proved at trial and is entitled to relief under 42 U.S.C. Section 1983.

118.   As a direct and proximate result of the Defendants' conduct, Plaintiff has been compelled to retain the services of counsel to protect and enforce his rights and therefore, Plaintiff has incurred and continues to incur attorney's fees, expert fees and costs for which Plaintiff is entitled to reimbursement in an amount to be established at the time of trial pursuant to 42 U.S.C. Section 1988.

119.   The Defendants' actions and/or inaction was willful, malicious, oppressive and/or reckless and was of such a nature that Plaintiff claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## COUNT IV

**BATTERY BY DEFENDANTS KENNETH J. CONIGLIO, JR., RYAN T. HARTLEY, THOMAS R. RODRIGUEZ, JOSE D. RODRIGUEZ, DYLAN D. MINNICK, CHRISTOPHER KALTENBACH, RICHARD CASTRICHINI, JR., JAMES C. THUERCK, ROBERT M. DINICOLA, JOSHUA P. KELLY, LEILANI Y. COLON, KYLE A. EISENHAUER, MATTHEW D. LUCERO, NICHOLAS THOMAS, MICHAEL J. MURPHY, GEOFFREY P. WICHER, EVAN D. LANG, JOHN DOES 1-10 AND CITY OF ROCHESTER**

120. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 119 above and incorporates them by reference as if set forth in their entirety herein.

121. The aforesdescribed actions of Defendants herein constitute an intentional battery upon Plaintiff's person.

122. Defendants herein committed a battery upon Plaintiff's person by violently punching Plaintiff in the left eye and face causing Plaintiff to fall from his bicycle and onto the ground, by shooting and striking Plaintiff multiple times with "pepper balls", by kicking, kneeing, striking and punching Plaintiff multiple times over multiple areas of his body while he lay defenseless on the ground, by macing and/or pepper spraying Plaintiff in his face and eyes, by tasing Plaintiff on the right side of his body under the arm pit/rib cage area, by handcuffing Plaintiff tightly and pushing him into the back seat of a Rochester Police Department vehicle.

123. Defendants Coniglio, Hartley, Kaltenbach, Minnick and Castrichini have acknowledged to the Rochester Police Department using the forces described in paragraphs 71 to 88 above against Plaintiff's person.

124. The battery committed upon Plaintiff was without provocation by Plaintiff and without his consent.

125. As a direct and proximate result of the battery committed upon his person by Defendants, Plaintiff suffered severe and permanent physical and mental injuries and damages in an amount to be determined at trial.

126. Defendant City of Rochester is liable under the doctrine of Respondeat Superior for the acts and omissions of its employees and/or agents, the Defendants herein, who were purporting to act or were acting in the course and scope of their employment as police officers with Defendant City of Rochester when the alleged

battery was committed upon Plaintiff's person.

127.    The Defendants' actions were malicious, oppressive, reckless, wanton

and in wilfull disregard of Plaintiff's rights that Plaintiff claims punitive damages against

Defendants herein in an amount to be determined at trial commensurate with the

wrongful acts alleged herein.

## COUNT V

### ASSAULT BY DEFENDANTS KENNETH J. CONIGLIO, JR., RYAN T. HARTLEY, THOMAS R. RODRIGUEZ, JOSE D. RODRIGUEZ, DYLAN D. MINNICK, CHRISTOPHER KALTENBACH, RICHARD CASTRICHINI, JR., JAMES C. THUERCK, ROBERT M. DINICOLA, JOSHUA P. KELLY, LEILANI Y. COLON, KYLE A. EISENHAUER, MATTHEW D. LUCERO, NICHOLAS THOMAS, MICHAEL J. MURPHY, GEOFFREY P. WICHER, EVAN D. LANG, JOHN DOES 1-10 AND CITY OF ROCHESTER

128.    The Plaintiff repeats and realleges the allegations set forth in paragraphs

1 through 127 above and incorporates them by reference as if set forth in their entirety

herein.

129.    The aforedescribed actions of Defendants herein constitute an

intentional assault upon Plaintiff's person.

130.    Defendants intentionally placed Plaintiff in fear of imminent, harmful or

offensive contact when Defendants rapidly approached Plaintiff, violently punched

Plaintiff in the left eye and face causing to Plaintiff to fall from his bicycle and onto the

ground, by shooting and striking Plaintiff multiple times with "pepper balls", by kicking,

kneeing, striking and punching Plaintiff multiple times over multiple areas of his body while

he lay defenseless on the ground, by macing and/or pepper spraying Plaintiff in his face

20

and eyes, by tasing Plaintiff on the right side of his body under the arm pit/rib cage area, by handcuffing Plaintiff tightly and pushing him into the back of a Rochester Police Department vehicle.

131.    Defendants Coniglio, Hartley, Kaltenbach, Minnick and Castrichini have acknowledged to the Rochester Police Department using the forces described in paragraphs 71 to 88 above against Plaintiff's person and which placed Plaintiff in fear of imminent, harmful or offensive contact by said Defendants.

132.    The Defendants herein made an intentional attempt, displayed by violence or threatening gesture, to do injury to or commit a battery upon Plaintiff's person.

133.    The assault committed upon Plaintiff by Defendants herein was without provocation by Plaintiff.

134.    Defendant City of Rochester is liable under the doctrine of Respondeat Superior for the acts and omissions of its employees and/or agents including the Defendants herein who were purporting to act or were acting in the course and scope of their employment as police officers with Defendant City of Rochester when the alleged assault was committed upon Plaintiff's person.

135.    As a direct and proximate result of the assault committed upon his person, Plaintiff suffered severe and permanent injuries and damages in an amount to be determined at trial.

136.    The Defendants' actions were malicious, reckless, wanton and in wilful disregard of Plaintiff's rights that Plaintiff claims punitive damages against Defendants in

an amount to be determined at trial commensurate with the wrongful acts alleged herein.

**WHEREFORE,** Plaintiff Rickey L. Bryant, Jr. prays for judgment against Defendants, jointly and severally, as follows:

1. Compensatory damages in the form of general and special damages against all Defendants, jointly and severally, in an amount that has yet to be ascertained and according to the proof to be determined at trial;

2. Punitive damages against all individual Defendants in an amount to be determined at trial;

3. Declaratory judgment declaring that Plaintiff Rickey L. Bryant's constitutional rights to be free from unlawful arrest, search, seizure and excessive force under the Fourth and Fourteenth Amendments were violated by the Defendant officers;

4. Declaratory judgment declaring that the Defendant officers violated Plaintiff Rickey L. constitutional rights by failing to intervene to protect Plaintiff's constitutional rights;

5. Reasonable costs of this suit incurred herein;

6. An award of reasonable attorney's fees pursuant to 42 U.S.C. Section 1988; and

7. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded.

Dated: July 31, 2017

Respectfully submitted,

**BURKWIT LAW FIRM, PLLC**


 s/Charles F. Burkwit, Esq.
Charles F. Burkwit, Esq.
Attorneys for Plaintiff Rickey L. Bryant, Jr.
16 East Main Street, Suite 450
 Rochester, New York 14614
(585) 546-1588
burkwitesq@aol.com